**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON YATES, | No. 08-16962 |
| Petitioner - Appellant, | D.C. No. 3:04-cv-02445-WHA |
| v. | |
| LARRY SMALL, Warden, California State Prison at Calipatria, California, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted November 3, 2009
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Petitioner Jason Yates seeks federal habeas relief under 28 U.S.C. § 2254 on the grounds that he was denied a fair trial and effective assistance of counsel. The district court denied the petition, and Yates now appeals. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Habeas relief may be granted only if we determine that the last reasoned decision at the state court level was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States" or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). To grant relief, we must conclude that the state court decision was "not only erroneous, but objectively unreasonable." Brown v. Ornoski, 503 F.3d 1006, 1010 (9th Cir. 2007) (internal quotations and subsequent citations omitted).

Yates argues that he was denied effective assistance of counsel when the trial court admonished the jury that his attorney was grossly negligent in reading from a redacted portion of a witness's testimony. The trial court also instructed the jury to find that defense counsel "made such statements with the intention to strengthen his arguments, to influence [its] deliberation." Yates argues that these statements were so strong that they must have led the jury to conclude that his attorney was an untrustworthy liar who acted as he did because Yates's case was so weak.

The state urges us to review this instruction in light of Waddington v. Sarausad, 129 S. Ct. 823, 831-32 (2009), and determine if the trial court's

instruction was reasonably likely to cause the jury to misapply the law in violation of the Constitution, and if the state appellate court below unreasonably concluded otherwise. Yates urges instead that we look to Holbrook v. Flynn, 475 U.S. 560, 570 (1986), and ask whether the trial court's disparaging statements caused "an unacceptable risk" of defense counsel's misfeasance—an "impermissible factor [ ]"—"coming into play." Id. (citing Estelle v. Williams, 425 U.S. 501, 505 (1976)). Under either standard, there is no constitutional error here. While we agree that the admonition was strongly worded, no clearly established federal law supports the claim of a constitutional violation.

Yates also argues that the trial court wrongfully denied his request for new counsel when he moved for a new trial. To determine whether the conflict between Yates and his attorney justified appointing new counsel, the trial court held a Marsden hearing as required under California law. People v. Marsden, 465 P.2d 44 (Cal. 1970). Marsden guarantees the hearing, but not the petitioner's desired result. As the district court recognized, the trial court went to great lengths to provide Yates with effective assistance of counsel, including continuing the Marsden hearing to allow Yates to more fully prepare and present his allegations.

The Supreme Court has not created, nor has the Ninth Circuit recognized, an absolute right to substitute counsel when a petitioner wishes to move for a new

3

trial. The trial court's denial of the motion for new counsel was neither "contrary to" nor an "unreasonable application of, clearly established Federal law."

Yates further asserts he was denied the effective assistance of counsel when his trial counsel: (1) failed to call a forensic expert or object to the prosecution's evidence regarding the shooting at issue; (2) failed to object to hearsay statements implicating Yates as the shooter; and (3) failed to request a limiting instruction regarding Yates's prior "bad acts." To establish ineffective assistance of counsel, Yates must show both that the defense counsel's performance fell below an objective standard of reasonableness and that those failings prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice prong, a petitioner must demonstrate a reasonable probability that the results of the proceeding would have been different if counsel had not made the error. Id. at 694. Considering the evidence in light of the strength of the prosecution's case, as we must, id. at 696, we conclude that none of these failings were prejudicial. We need not reach the question of whether they were also objectively unreasonable.

Finally, Yates argues that these errors were cumulative and prejudicial. Because this issue is uncertified, we need not consider it. Nonetheless, Yates's

4

contention lacks merit. The claimed errors were not prejudicial individually or cumulatively.

**AFFIRMED.**